# WARSHAW LAW FIRM, LLC

**Julie M.W. Warshaw, Esq. \*~^**

**Mildred V. Spiller, Esq. \***

266 King George Road, Suite C2
Warren, New Jersey 07059
Phone: (973) 433-2121
Fax: (973) 439-1047
jwarshaw@warshawlawfirm.com
clientservices@warshawlawfirm.com
www.warshawlawfirm.com

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-
Licensed in New Jersey \*
Licensed in New York ~
Licensed in Massachusetts ^
Of Counsel +

April 8, 2022

Via ECF Electronic Filing
Honorable Brian R. Martinotti, U.S.D.J.
United States District Court
50 Walnut Street
Newark, NJ 07102

**Re: East Brunswick Board of Education v. D.S. and M.S. o/b/o A.S.**
**Case No.: 2:21-cv-08279-BRM-JSA**

Dear Judge Martinotti:

As this Court is aware, this office represents the Defendants in the above referenced matter. In this case, there was a full-blown due process hearing wherein Judge Crowley issued a final decision indicating that the district denied A.S. FAPE in the LRE and determined that the Lewis School of Princeton was appropriate for A.S. to meet her individual needs. Judge Crowley Ordered that "reimbursement" must be granted for the unilateral placement and continued placement. ALJ Crowley also Ordered 50 hours of compensatory education to be used toward **"remedial education where needed."** (Opinion, page 15). Your Honor indicated that Defendants' request for reimbursement for transportation to and from the Lewis School was denied without prejudice and that we could renew that request with the documentation. We have obtained the relevant documentation from the Lewis School and therefore, Defendants respectfully renew their request for reimbursement for transportation.

Judge Crowley noted that the IDEA empowers Courts to Order school authorities to reimburse parents for their **expenditures** on private special education for a child if the Court ultimately finds such placement is proper under the IDEA. (Opinion, page 12). ALJ Crowley cited to N.J.A.C. 6A:14-2.10, cited below, which addresses the issue of reimbursement for a unilateral placement. Interestingly, that provision does not even employ the word "tuition" and certainly does not limit reimbursement to tuition alone.

1

**(a)** Except as provided at N.J.A.C. 6A:14-6.1(a), the district board of education shall not be required to pay for the cost of education, including special education and related services, of a student with a disability if the district board of education made available a free, appropriate public education and the parents elected to enroll the student in a nonpublic school, an early childhood program, or an approved private school for students with disabilities.

**(b)** If the parents of a student with a disability who previously received special education and related services from the district of residence enroll the student in a nonpublic school, an early childhood program, or approved private school for students with disabilities without the consent of, or referral by, the district board of education, an administrative law judge may require the district board of education to reimburse the parents for the cost of enrollment if the administrative law judge finds that the district board of education had not made a free, appropriate public education available to the student in a timely manner prior to enrollment and that the private placement is appropriate.

The district continues to interpret the ALJs Order in a way that limits its obligations and in a way that is contrary to the plain meaning of the Order. Specifically, the district has refused to reimburse Defendants for the full costs associated with transportation and instead have taken the position that transportation costs are capped at $1,000.00, which is aid in lieu for transportation, and covered under a different Code provision than that which was relied upon by Judge Crowley.

Pursuant to Magistrate Allen's direction, I am again respectfully requesting that this Court Order the district to reimburse Defendants for their full transportation costs for driving A.S. back and forth to the Lewis School. As per the attached, **Exhibits A and B** show the total number of days that A.S. attended school during the relevant timeframe, as per the Lewis School, as well as the map to show the total miles to and from the school to Defendants' home. Defendants respectfully request that this Court Order the district to comply with Judge Crowley's Final Decision and Your Honor's Order requiring the district to comply with Judge Crowley's decision and to reimburse Defendants the total of $ which is the federal standard mileage rate of $.58 cents per mile x 68 miles per day for a total of $39.44 per day. As per the document from the Lewis School, A.S. attended a total of 97 days in person for 2019-2020 and a total of 63 days in person for the 2020-2021 school year. Therefore, Defendants respectfully request that this

Court Order that the district reimburse them a total of $6,310.40 less $1,977.78 already paid to Defendants as aid in lieu, for a total amount due of **$4,332.62.**

With respect to Judge Crowley's Order for the district to pay for 50 hours of compensatory education for **"remedial education where needed,"** A.S. has been conditionally accepted to High Point University. However, her acceptance is contingent upon her completing and passing the required remedial summer program at High Point University called the Summer Advantage. Although we had discussed remanding this issue to Judge Crowley for clarification as to what she meant by "remedial education where needed," it is my understanding that it was not remanded. However, it seems clear that this remedial summer program required as a condition for admission to High Point University would qualify. The total cost for this program is $10,000. Therefore, Defendants are respectfully requesting that the district be required to pay for 50 hours of this remediation program, which runs from June 27-July 22, 2022. Since the University does not break down the remedial hours, I am providing the Court with typical tutoring costs from well known tutoring centers like Lindamood-Bell and Huntington Learning Center. (**Exhibits C and D).** Defendants respectfully request that this Court Order the district to convert the 50 compensatory remedial education hours into a dollar figure based on standard tutor hourly rates in the industry and then Defendants can use that money toward paying for the required remediation program as a condition of A.S.'s acceptance to High Point University. Please note that if A.S. does not pass this required remedial summer program, her acceptance to High Point University will be rescinded. Moreover, although the district claimed that she would never go to college, being at the Lewis School has provided her with a foundation for learning. If A.S. passes the required remedial summer program, and is officially accepted to High Point University, then the district will be saving money on not paying for her to attend the Lewis School or transportation for another two years when she will turn age 21. Therefore, it is respectfully requested that this Court Order the district to convert the 50 hours of compensatory education for remedial education services to a dollar figure based on the standard tutoring rates within the industry and enable Defendants to use that money toward the required remedial summer program.

Thank you for your attention, assistance, and courtesies in this matter.

Respectfully submitted,
**W**ARSHAW LAW FIRM, LLC

By_: /s/ Julie Warshaw, Esq._

Julie Warshaw, Esq.

cc:    Jodi S. Howlett., Esq. (Via Email)
        D.S. and M.S. (Via Email)