# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST BRUNSWICK TOWNSHIP BOARD OF EDUCATION,<br><br>    Plaintiff,<br><br>    v.<br><br>D.S. and M.S. o/b/o A.S.,<br><br>    Defendants. | Case No. 2:21-cv-08279 (BRM) (JSA)<br><br>**ORDER** |

**THIS MATTER** is before the Court on Defendant D.S. and M.S., on behalf of A.S.'s (collectively "Defendants") Motion for Reconsideration. (ECF No. 63.) Defendants seek reconsideration of the Court's Order and Opinion (ECF Nos. 60, 61), granting in part and denying in part Defendants' Motion for Summary Judgment (ECF No. 57).

**IT APPEARING THAT:**

1. On July 28, 2023, the Court entered an Order and corresponding Opinion, granting in part and denying in part Defendants' Motion for Summary Judgment. (ECF Nos. 60, 61.) The Court denied Defendants' Motion insofar as it sought attorney's fees and costs, citing a lack of evidence supporting the hours worked and rates claimed. (*Id.*) The denial, which included no indication to the contrary, was entered without prejudice.

2. Thereafter, on August 4, 2023, Defendants filed a Motion for Reconsideration, strictly regarding the issue of attorney's fees and costs. (ECF No. 63.) In sum and substance, Defendants contend they included their argument for fees in the Motion for Summary Judgment as a means of preserving the right to bring a separate application upon the Court's declaring them the prevailing party, and not for the Court's determination at that time. (*Id.*) Defendants

ask the Court to reconsider its Order denying summary judgment, and to allow Defendants the time to file an application for fees. (*Id.*)

3. BOE did not file a response to Defendants' Motion for Reconsideration, citing its intention to appeal the decision. (ECF No. 68.)

4. On August 25, 2023, BOE filed a Notice of Appeal of the Order and Opinion. (ECF No. 69.)

5. Defendants' Motion for Reconsideration is improperly before this Court, as it fails to set forth any matter or decision the Court "overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). When the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

6. Here, the Court did not overlook any issue requiring reconsideration. In Defendants' Motion for Summary Judgment, Defendants argued "summary judgment should be entered in favor of Defendants, *including* all fees and costs." (ECF No. 57-1 at 40 (emphasis added).) The Court granted summary judgment in Defendants' favor, and therefore, moved on to Defendants' request for attorney's fees and costs as raised in the Motion. Because the Court had insufficient information to grant fees, and for the reasons set forth in the Opinion, the Court denied the Motion, without prejudice, to the extent attorney's fees and costs were requested. (ECF No. 60 at 28–30.) Defendants may, after resolution of the pending Appeal (ECF No. 69), file a formal motion for attorney's fees and costs.

**IT IS** on this 31st day of August 2023,

3

**ORDERED** that Defendants' Motion for Reconsideration (ECF No. 63) is denied. Defendants are permitted to file a formal motion for attorney's fees and costs, consistent within the time and bounds set forth by the Rules of Court.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**