**WARSHAW LAW FIRM, LLC**

**Julie M.W. Warshaw, Esq. \*~^**
jwarshaw@warshawlawfirm.com

**Mildred V. Spiller, Esq. \***
mspiller@warshawlawfirm.com

---------------------------------
Licensed in New Jersey \*
Licensed in New York ~
Licensed in Massachusetts ^

MAILING ADDRESS:
P.O. Box 276
Liberty Corner, New Jersey 07938
Phone: (973) 433-2121
Fax: (973) 439-1047
www.warshawlawfirm.com

OFFICE LOCATION:
220 Davidson Avenue,
Suite 124
Somerset, New Jersey 08873

April 30, 2025

Via ECF Electronic Filing
Honorable Jessica A. Allen, U.S Magistrate
United States District Court
50 Walnut Street
Newark, NJ 07102

   **Re: East Brunswick Board of Education v. D.S. and M.S. o/b/o A.S.**
     **Case No.: 2:21-cv-08279-JKS-JSA**

Dear Judge Allen:

Pursuant to Your Honor's Text Order, please accept this joint letter addressing each party's position regarding the status in this case.

### DEFENDANTS' POSITION

On April 5, 2021, this appeal was initiated by the school district from a Final Decision by the Honorable Sarah G. Crowley, in a special education matter, which was issued after a full due process hearing in the Office of Administrative Law held on August 10, 2020, August 12, 2020, and August 14, 2020. On January 5, 2021, the Defendants obtained an Order from Judge Crowley in their favor, whereby Judge Crowley determined that A.S. was denied FAPE in the LRE and Her Honor Ordered reimbursement for the unilateral placement and continued placement at the Lewis School through an IEP, and compensatory education in the amount of fifty hours, thus conferring upon the Defendants prevailing party status. After years of protracted litigation practice at the relentless pursuit by the school district, on July 28, 2023, the Honorable Brian Martinotti, U.S.D.J., granted the Defendants' Motion for Summary Judgment on the Plaintiff's appeal from Judge Crowley's decision. **ECF Doc. Nos. 60, 61**.

Briefly, procedurally, the school district filed an appeal of Judge Crowley's Order. Various motions and orders to show cause were filed, and Judge Martinotti, issued an Order dated July 9, 2021, that the district must comply with Judge Crowley's final decision "immediately." The district refused to comply with the Court's Order and the Defendants were forced to file another OTSC on August 18, 2021. On December 10, 2021, the Court entered the following Order:

> **ORDERED** that East Brunswick School District shall immediately comply with this Court's prior Order dated 7/9/2021, and it shall pay the sum of $36,626.00 to the Lewis School of Princeton by 12:00 pm on 12/10/2021; East Brunswick School District shall reimburse D.S. and M.S. the total amount in tuition and transportation for attending the Lewis School, within fourteen (14) days, and D.S. and M.S. shall provide proof of payment; All pending motions are terminated without prejudice including the district's motion for stay of enforcement of the final administrative Order; The Court continues to reserve on D.S. and M.S.'s request for attorney's fees and costs for efforts to enforce Judge Crowley's 1/5/2021 Order and this Court's 7/9/2021 Order and such request shall be addressed by this Court at the end of the case…. Signed by Judge Brian R. Martinotti on 12/10/2021. **ECF Doc. No. 35; See also ECF Doc. No. 17.**

Thereafter, motions for summary judgment were filed by both parties and on July 28, 2023, Judge Martinotti granted the Defendants' motion in part and denied it in part. **ECF Doc. Nos. 60, 61.** After ruling that A.S. was denied FAPE and that ALJ Crowley's decision was correct and must be affirmed, with regard to Defendants' Counterclaim, His Honor ruled: "Appellees failed to provide the Court with the information necessary to determine a reasonable compensation for the time their attorneys and experts spent working on this case." On August 4, 2023, the Defendants made a motion for reconsideration on the attorney's fees issue. Plaintiff did not respond to the motion and filed a Notice of Appeal to the Third Circuit on August 25, 2023. Judge Martinotti denied reconsideration but ruled that after Plaintiff's appeal, the Defendants may make a formal separate application on the issue of attorney's fees and costs. **Text Order entered September 13, 2023. ECF Doc No. 73.**

On April 8, 2025, the Third Circuit Court of Appeals dismissed the case for lack of jurisdiction. **ECF Doc. No. 75.**

Defendants are of the view that considering all the prior rulings, arguing and re-arguing the merits of the case in this Court at this time is not appropriate or

timely, and the matter is now ripe for the Defendants to make a motion for prevailing party status, for attorneys' fees and costs, and for reimbursement to Defendants for their out-of-pocket expenses such as transportation costs, expert fees, and for the fifty (50) hours of compensatory education. The Plaintiff acknowledges that the remaining issue relates to attorney's fees and costs, and despite the clear law on this subject continues to "fervently" oppose the Defendants, and notwithstanding that the Plaintiff has lost every step of the way in this litigation over the past five years. It is not appropriate currently to keep arguing in this forum about the correctness of ALJ Crowley's and Judge Martinotti's decision.  It should be noted and emphasized that as cited above, Judge Martinotti clearly stated that after the then pending Third Circuit appeal, Defendants may make a formal application for fees and costs. That is precisely what the Defendants wish to do at this time. Alternatively, Defendants are open to a settlement conference but since every attempt at settlement in the past has proven completely futile, the school district would have to provide good faith assurances it was seriously interested in settling the matter without further litigation practice because counsel's efforts at trying to resolve this matter outside of Court have also been futile.

### PLAINTIFF'S POSITION

The remaining issue in this matter relates to Defendants' cross-claim for attorneys' fees and costs. To the extent Defendant believes the matter is ripe for a motion for prevailing party status for attorney's fees and reimbursement for compensatory education, Plaintiff will fervently oppose such a motion.

To the extent Defendants seek additional compensatory education costs in their fee application, Plaintiff was already awarded compensatory education by the District Court. **ECF Doc. Nos. 60, 61.** It is Plaintiff's position that Defendant is not entitled to any compensatory education time as they did not provide sufficient notice of unilateral placement and acted unreasonably in rejecting the services offered by Plaintiff, which will be reiterated on appeal from any subsequent ruling from the District Court. However, Plaintiff is surely not entitled to compensatory education beyond what was ordered by the District Court in a subsequent fee application. Moreover, Plaintiff has already reimbursed Defendant for all costs related to A.S.'s attendance at Lewis School for 2019-2020 and 2020-2021 school years. The reimbursement included tuition, drivers' education, and a foreign language course, totaling $88,043.33 in addition to the $87,460.00 that was paid to the Lewis School for the 2021-2022 school year.

Additionally, it is Plaintiff's position that Defendants have not established that they are entitled to attorney costs and fees in the instant matter. Any forthcoming application for attorneys' fees and costs by Defendants would require Defendants to appropriately substantiate any such request.

Plaintiff submits that Defendants' assertion that settlement negotiations have been futile is a result of Defendants' failure to sufficiently justify their settlement demands with adequate proofs substantiating the amount sought. Plaintiff is amenable to further settlement discussions as a possibility to resolve this matter without the need for further litigation.

Finally, Plaintiff maintains that the District Court erred in granting summary judgment in favor of Defendants, as Defendants did not provide sufficient notice of unilateral placement and acted unreasonably in rejecting the various services offered by Plaintiff. As such, Plaintiff submits that any final decision from the District Court will ultimately be challenged by way of appeal to the Third Circuit Court of Appeals.

Thank you for your time, consideration, and courtesy in this matter.

Respectfully Submitted,

By: */s/ Julie Warshaw, Esq.*
Julie Warshaw, Esq.

cc:   Mark A. Wenczel, Esq. (Via ECF filing and Email)
      D.S. and M.S. (Via Email)